**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| ERICA RIVERS,                )                                                    )     Plaintiff,            )                                                    )                           CIVIL ACTION NO.     v.                         )                     2:19cv1092-MHT                                                    )                                  (WO) LIBERTY MUTUAL INSURANCE,     )                                                    )     Defendant.              ) | |

## OPINION

Plaintiff Erica Rivers filed this case in state court against defendant Liberty Insurance Corporation (referred to as Liberty Mutual Insurance by Rivers), bringing five claims under state law for misrepresentation, negligent or wanton hiring, training, or supervision, negligence or wantonness, breach of contract, and bad faith, all stemming from Liberty's denial of a claim under an insurance policy Rivers had purchased from it. Liberty removed this lawsuit to this court based on diversity-of-citizenship jurisdiction. *See* 28 U.S.C. §§ 1332 and 1441. The case is now before the court on Liberty's motion to

dismiss all claims except the one for breach of contract.  For the reasons explained below, the motion will be granted.  However, Rivers will be granted leave to amend three of the four dismissed claims.

## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *see Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *see Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007), "only enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (*quoting Twombly,* 550 U.S. at 556).

## II. BACKGROUND

The allegations of the complaint, taken in the light most favorable to Rivers, are as follows.  At some point before July 2018, she insured a parcel of real property in Montgomery, Alabama by purchasing a policy from Liberty.  During a conversation leading to the purchase, a Liberty employee informed Rivers that the insurance policy would provide $ 40,000.00 of coverage for certain types of "perils" to her property.  Complaint (doc. no. 1-1) at 3.  In reliance on this representation, Rivers purchased the insurance policy

3

from Liberty.  She received a written copy of the policy that confirmed the employee's representations about the types of perils covered by the policy.

Rivers paid her premiums on the policy.  The policy was effective through July 2018.

On or about July 21, 2018, Rivers's real property was damaged.  She asserts that the reason for the damage was one or more of the "perils" covered by the policy.  She made a timely claim for the damage, but Liberty denied coverage.  She contends that Liberty did so without properly investigating the claim.

### III. DISCUSSION

Liberty moves to dismiss Rivers's claims for misrepresentation (Count I), negligent or wanton hiring, training, or supervision (Count II), negligence or wantonness (Count III), and bad faith (Count V), but not her breach-of-contract claim (Count IV).  The court will discuss each of the challenged claims in turn.

A. Misrepresentation

Rivers contends, in Count I, that Liberty is liable for misrepresentation based on the statements of the employee who spoke with Rivers when she purchased her policy. The insurance company responds that the misrepresentation claim should be dismissed because it was not pled with particularity as required by Federal Rule of Civil Procedure 9(b). The court agrees.

Under Alabama law, "[t]he elements of fraud are: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence." *Brushwitz v. Ezell*, 757 So. 2d 423, 429 (Ala. 2000). Rivers argues that she has sufficiently pled such a claim under Rule 9(b) of the Alabama Rules of Civil Procedure. However, this Alabama procedural law is not applicable here. "It is well established that when a federal court

considers a case that arises under its diversity jurisdiction, the court is to apply state substantive law and federal procedural law." *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) (citing *Hanna v. Plumer,* 380 U.S. 460, 465 (1965)).

The court, therefore, must apply Federal Rule of Civil Procedure 9(b) and caselaw interpreting it rather than Alabama's rule.  See *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 182 n.14 (2d Cir. 2015) ("While the substantive elements of common-law fraud that must be proven are a matter of state law, what must be pleaded and with what level of particularity are governed by [federal] Rules 9(b) and 12(b)(6)."); *see also Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011) (applying federal Rule 9(b) to fraud claim brought under state law); *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839 (6th Cir. 2006) (same).

6

Rule 9(b) of the Federal Rules of Civil Procedure provides that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  "This Rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370–71 (11th Cir. 1997) (citations and internal quotation marks omitted).  To meet the rule's requirements, a complaint must "set[] forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they

misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Id.* at 1371 (citations and internal quotation marks omitted). Yet "Rule 9(b) must be read in conjunction with Rule 8(a) [of the Federal Rules of Civil Procedure], which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief." *Morrow v. Green Tree Servicing, L.L.C.*, 360 F. Supp. 2d 1246, 1250 (M.D. Ala. 2005) (Thompson, J.) (*quoting Brooks*, 116 F.3d at 1371 (internal quotation marks omitted).

Following these guideposts, the court finds that Rivers's pleading of her fraud claim is insufficient. Her barebones allegations--that Liberty "specifically represented to Plaintiff the insurance coverage at issue would provide $ 40,000.00 for perils listed as covered within the policy," Complaint (doc. no. 1-1) at 3, and that Liberty did not cover her claim--fall far short of what is required to plead a viable fraud claim under Rule 9(b). Some additional detail about exactly

8

what was said and what made it misleading is necessary. Furthermore, even if Rivers does not know the name of the Liberty employee with whom she spoke or where that employee was located when she spoke to him or her, she must still must attempt to address those issues in the complaint and explain why she does not have all of the required information if she does not have it.  *See Morrow*, 360 F. Supp. 2d at 1250–51 ("In those cases where the defendant controls information required for proper pleading, the complaint must still adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard and it must also allege that the necessary information lies within the defendant's control, and then allegations must be accompanied by a statement of facts upon which allegations are based." (internal quotation marks and citation omitted)). Because the complaint lacks specific facts supporting a strong inference of fraud, the claim will be dismissed.\*

---

\* In the motion to dismiss, Liberty also argues that

However, because Rivers has moved the court for permission to amend her complaint, see Response to Motion to Dismiss (doc. no. 12) at 5, the court will grant her an opportunity to file an amended complaint. See Fed. R. Civ. P. 15(a) (stating that amendments "shall be freely allowed when justice so requires").

### B. Negligent or Wanton Hiring, Supervision, or Supervision

In Count II, Rivers brings a claim for negligent or wanton hiring, supervision, or training of the employees with whom she had dealings at Liberty.

---

the misrepresentation claim must fail because it is impermissibly based on a contractual promise. As the court is dismissing the claim, it need not resolve this argument at this time. Nevertheless, the court notes the following. While Liberty is correct that, under Alabama law, a "mere breach of a contractual provision is not sufficient to support a charge of fraud," Brown-Marx Assocs., Ltd. v. Emigrant Savs. Bank, 703 F.2d 1361, 1370–71 (11th Cir. 1983), it may be possible under Alabama law to assert both a breach-of-contract claim and "a fraud claim that stem[] from the same general facts," but "the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud." Dickinson v. Land Developers Constr. Co., 882 So. 2d 291, 304 (Ala. 2003) (Houston, J., concurring).

Liberty argues that this claim must fail because it is insufficiently pleaded under the *Twombly/Iqbal* standard. The court agrees.

As the parties agree, "[t]o support a claim of negligent supervision [or training], the plaintiff must demonstrate that (1) the employee committed a tort recognized under Alabama law, *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 824 (Ala. 1999), (2) the employer had actual notice of this conduct or would have gained such notice if it exercised 'due and proper diligence,' *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001), and (3) the employer failed to respond to this notice adequately. *Id.*" *Edwards v. Hyundai Motor Mfg. Alabama*, LLC, 603 F. Supp. 2d 1336, 1357 (M.D. Ala. 2009) (Thompson, J.). The elements for negligent hiring or retention are largely the same. *See Jones Exp., Inc. v. Jackson*, 86 So. 3d 298, 305 (Ala. 2010) (discussing elements). For wanton hiring, training or supervision, the plaintiff would have to show the defendant acted with more than

the absence of reasonable care. Wantonness is "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Pritchett v. ICN Med. All., Inc.*, 938 So. 2d 933, 941 (Ala. 2006) (*quoting Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998)).

The allegations of the complaint are plainly insufficient to state a plausible claim of negligent or wanton hiring, supervision, or training. *See Iqbal*, 556 U.S. at 678. For as discussed in other parts of the opinion, the complaint does not plausibly plead that Liberty's employee committed a tort in denying Rivers's claim. Accordingly, this claim will be dismissed with leave to amend.

### C. Negligence or Wantonness

In Count III, Rivers claims that Liberty handled her insurance claim negligently or wantonly. Liberty

12

moves to dismiss the claim on the ground that Alabama law does not recognize such a claim. The Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995). Rivers apparently recognized the problem with this claim: In her response to the motion to dismiss, she contended that the motion should be denied as to other challenged claims--Counts I, II, and V--but said nothing about this one, Count III. This claim will be dismissed with prejudice.

### D. Bad Faith

In Count V, Rivers claims that Liberty refused to pay her claim in bad faith. Liberty argues that the bad-faith claim should be dismissed because Rivers has failed to plead a plausible claim. This claim too will be dismissed with leave to amend.

13

"[T]he tort of bad-faith refusal to pay a claim has four elements--(a) a breach of insurance contract, (b) the refusal to pay claim, (c) the absence of arguable reason, (d) the insurer's knowledge of such absence--with a conditional fifth element: '(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.'" *State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013) (*quoting National Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982)). To survive the motion to dismiss, Rivers must have pleaded sufficient non-conclusory, factual allegations to make it plausible that she will be able to prove her claim.

This she has not done. Her complaint states that Liberty "randomly and unilaterally denied Plaintiff coverage and has not properly investigated" but provides no description of the course of events that

14

occurred after she submitted her claim that led her to conclude that Liberty did not investigate her claim properly. "Conclusory allegations are those that express 'a factual inference without stating the underlying facts on which the inference is based.'" *Sanders v. Boutwell*, 426 F. Supp. 3d 1235, 1240, 2019 WL 6331206 (M.D. Ala. 2019) (Thompson, J.) (*quoting* Conclusory, Black's Law Dictionary (11th ed. 2019)). These allegations meet that definition. To move forward with this claim, she must provide more detailed factual allegations showing that it is plausible that she could prove a claim. This is not a high burden, but it requires more than the court is presented with here.

***

A separate order granting the motion to dismiss will be entered. Counts I (misrepresentation), II (negligent or wanton hiring, training, or supervision), and V (bad faith) of the complaint will be dismissed without prejudice, and with leave to amend. Count III

15

(negligence and wantonness) will be dismissed with prejudice. And Count IV (breach of contract) will remain pending

    DONE, this the 2nd day of November, 2020.

                                     /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**